**Opinion issued October 4, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00582-CV

———————————

**YVONNE ANDERSON, Appellant**

**V.**

**BAYVIEW LOAN SERVICING, L.L.C., A DELAWARE LIMITED
LIABILITY COMPANY, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1009889**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Yvonne Anderson, appeals from

the trial court's judgment of possession in favor of appellee, Bayview Loan

Servicing, L.L.C., a Delaware Limited Liability Company.[1]  On July 31, 2012, Bayview Loan Servicing filed a motion to dismiss Anderson's appeal as moot, stating that Anderson failed to file a supersedeas bond, a writ of possession was issued, and Bayview Loan Servicing took possession of the subject property on July 19, 2012.  *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2011).

Although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property.  *Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.).

On August 16, 2012, the Clerk of this Court requested a response from Anderson, by August 27, 2012, to Bayview Loan Servicing's motion to dismiss.

---

[1]  In her notice of appeal, appellant states that she is appealing "the determination of the parties [sic] rights to the real property at issue."  Nevertheless, in a forcible-detainer action, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated."  TEX. R. CIV. P. 746; *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Anderson has not filed a response and, therefore, has failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Rady v. CitiMortgage, Inc.*, No. 03-11-00734-CV, 2012 WL 753128, at *1 (Tex. App.—Austin March 9, 2012, no pet.). Because Anderson is no longer in possession of the property and has not asserted a potentially meritorious claim of right to current, actual possession, Anderson's appeal is moot. *See Wilhelm*, 349 S.W.3d at 769.

Accordingly, we grant appellee's motion, vacate the county court's judgment, and dismiss the appeal as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790; *Wilhelm*, 349 S.W.3d at 769. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.